# PAUL J. McALLISTER
## ATTORNEY AT LAW
### 401 BROADWAY, 25TH FLOOR
### NEW YORK, NEW YORK 10013

| | |
|---|---|
| TELEPHONE | TELECOPIER |
| (212) 274-0920 | (212) 941-7108 |

March 24, 2010

Honorable Sandra L. Townes
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

       Re.: <u>United States v. Richard Lugo</u>
         08 Cr. 739 (S1)-01 (SLT)

Dear Judge Townes:

  I represent the Defendant, Mr. Richard Lugo, in the above referenced matter. He is currently scheduled for sentencing before Your Honor on Wednesday, April 14, 2010, at 3:30 p.m.

  I write, first, to advise Your Honor that we have reviewed the PSR and my client has no objections to its contents as it pertains to his personal information. As to some of the other assertions contained in the PSR, we do take some relatively minor exception but, I hasten to add, none of my foregoing observations or assertions have any impact on the advisory guideline calculation.

  At the outset, I wish to join in the observations and assertions contained in Mr. Rosenberg's letter dated March 3, 2010, and written on behalf of Mr. Korley Okai. Regarding Mr. Lugo, specifically, on whose behalf I write, I wish to observe that, although I recognize that the assertion contained in ¶ 7 of the PSR concerning an alleged

leadership role attributable to Mr. Lugo was factored into the advisory guideline as calculated in our plea agreement and we make absolutely **no** effort to retreat from that, it is worth noting that Mr. Lugo was not the type of leader typically contemplated in the advisory guideline setting. This so in that this was just a loose knit group of people who were largely tied together by literal family relationships and were, therefore, friends and relatives rather than having subordinate relationships as to one another. Also, contrary to what is contained in ¶ 7 of the PSR, there were no threats of violence issued.

As to the information contained in ¶ 5 of the PSR, Mr. Lugo believes there were 77 and not 89 buys of crack and that the correct number of sales to be attributable to him should be 51 and not 59. Again, we recognize that this seems to have absolutely no impact on the advisory guideline calculation and we offer these observations in the interest of accuracy and certainly not to minimize Mr. Lugo's behavior.

Turning now to Mr. Lugo's personal attributes, I urge Your Honor to sentence Mr. Lugo to the statutory minimum of 120 months for the reasons set forth below, recognizing at the outset that the statutory minimum of 120 months is separated from the maximum advisory guideline range by only one month. I respectfully, submit, however, that even one month of additional time would be inappropriate if, as here, it is greater than that which is necessary to achieve the sentencing goals of Title 18 U.S.C. § 3553(a)(2).

As described in ¶ 32 of the PSR, Mr. Lugo is an excellent father to his four children and has been a caregiver to his ailing grandfather. In ¶ 36 of the PSR we learn that Mr. Lugo is a "people person" with a "good heart" upon whom many people in his community depend.

The observations described above come not just from interviews of people who are close to Mr. Lugo but, rather are set forth in numerous letters of various people from Mr. Lugo's community. While many of these letters were written some time ago, having been provided by people who largely didn't know how soon they would be needed, they portray a consistent picture of a person who strove to be an asset to his community, who was helpful to and respectful of the elderly in his community. A person who is a loving and involved father. A person who tried to educate himself and maintain gainful employment.

Clearly Mr. Lugo is a person who is needed by his family and his neighbors. I realize that it is often the case that the innocent family members and loved ones of a wrongdoer are hurt when punishment is inflicted on the transgressor. I do not assert that because of that fact alone, the wrongdoer should completely escape punishment altogether. I do, however, assert that it is a factor to be appropriately considered in fashioning a just sentence that is not greater than necessary. I respectfully submit that a decade of imprisonment for this young man is more than that which is necessary, particularly when considering it is based upon a sentencing ration now widely recognized to be unfair. Mr. Lugo should be restored to the family that loves and needs him as soon as possible.

I further respectfully request that, based upon the information contained in ¶ 48 of the PSR, Your Honor recommend that Mr. Lugo be permitted to participate in a drug abuse program while he is incarcerated. I also respectfully request that Your Honor recommend that Mr. Lugo be housed as close to home as possible in order to facilitate

3

visits by his young children and, pursuant to the letter written on his behalf, also to facilitate visits from Mr. Jones, Mr. Lugo's stepfather who essentially raised him.

Finally, to the extent that it may be legally possible, I respectfully request that I be permitted to preserve Mr. Lugo's right to apply for resentencing to what I hope and anticipate may be a far lower and fairer sentence when the sentencing disparity between crack and powder cocaine is finally addressed by our legislature.

In closing, I respectfully urge Your Honor to impose no more than the mandatory statutory minimum of 120 months which is, in any case, almost at the top of the advisory guideline limit and is, I respectfully submit, far more than necessary.

        Respectfully submitted,

        Paul J. McAllister

cc: A.U.S.A.  James P. Loonam

visits by his young children and, pursuant to the letter written on his behalf, also to facilitate visits from Mr. Jones, Mr. Lugo's stepfather who essentially raised him.

Finally, to the extent that it may be legally possible, I respectfully request that I be permitted to preserve Mr. Lugo's right to apply for resentencing to what I hope and anticipate may be a far lower and fairer sentence when the sentencing disparity between crack and powder cocaine is finally addressed by our legislature.

In closing, I respectfully urge Your Honor to impose no more than the mandatory statutory minimum of 120 months which is, in any case, almost at the top of the advisory guideline limit and is, I respectfully submit, far more than necessary.

Respectfully submitted,

Paul J. McAllister

cc: A.U.S.A.  James P. Loonam